IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SCOTT WARNER; ERIN STOUT and RUSSELL STOUT, wife and husband; THOMAS BOBRICK and BARBARA BOBRICK, husband and wife; BRIAN CANTRELL; JAMES EVANS; WELDON SMITH and KELLIE SMITH, husband and wife; CHRIS TRANOS and COURTNEY TRANOS, husband and wife; GEORGE LIMANTZAKIS; RICHARD STEFFENS and NADINE STEFFENS, husband and wife; CHRIS ZAVARELLA and STACEY ZAVARELLA, husband and wife. <br><br>       Plaintiffs, <br><br>  v. <br><br>STRYKER CORPORATION, a Michigan corporation, et al., <br><br>       Defendants. | Civ. No. 08-6368-AA <br><br>OPINION AND ORDER |

AIKEN, Chief Judge:

    Plaintiffs filed this diversity action alleging product liability arising from defendants' design, manufacture, and sale of a pain pump device that was used to treat plaintiffs after

1   - OPINION AND ORDER

undergoing shoulder surgery. Defendants Stryker Corporation and Stryker Sales Corporation (Stryker defendants) move to sever the claims of non-Oregon plaintiffs and transfer them to a convenient forum. The Stryker defendants also move for dismissal of plaintiffs' claims for violating a discovery order. The motion to sever and transfer is granted, and the motion to dismiss is denied.

DISCUSSION

A. Motion to Sever and Transfer

After the Stryker defendants filed their motion to sever and transfer, non-Oregon plaintiffs Thomas and Barbara Bobrick, Weldon and Kellie Smith, Richard and Nadine Steffens, and Chris and Stacy Zavarella voluntarily dismissed their claims against defendants I-Flow Corporation, DJO LLC, DJO, Inc., Breg Inc., and Orthofix, Inc. Therefore, the Stryker defendants' motion remains pending as to non-Oregon plaintiffs Brian Cantrell, James Evans, Chris and Courtney Tranos, and George Limantzakis.

Cantrell is a citizen of North Carolina, Evans is a citizen of Arkansas, the Tranoses are citizens of Massachusetts, and Limantzakis is a citizen of Utah. None allege that they underwent surgery or received medical care in Oregon. The Stryker defendants argue that non-Oregon plaintiffs are improperly joined in this action, because their claims do not arise from the same transaction, occurrence, or series of transactions or occurrences and do not involve common questions of law and fact.

Permissive joinder is governed by Federal Rule of Civil Procedure 20. Under this rule, "[p]ersons may join in one action as plaintiffs if: they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

Plaintiffs contend that they all allege the same theory of liability; i.e., that the Stryker defendants failed to test their pain pumps, failed to warn physicians about the dangers of using pain pumps in or near the shoulder joint, and negligently marketed their pain pumps for unapproved uses. Therefore, non-Oregon plaintiffs maintain that they meet the "same transaction or occurrence" test of Rule 20(a).

In so arguing, plaintiffs rely primarily on In re Norplant Contraceptive Prods. Liab. Litig., 168 F.R.D. 579 (E.D. Tex. 1996). There, the district court found that the plaintiffs alleged a common "series of acts and omissions" in that the defendants "failed in their nationwide promotional materials to adequately warn Plaintiffs of the risks and severity of side effects associated with the use of Norplant." Id. at 581. In contrast, plaintiffs here do not allege a nationwide failure to warn them of the dangers associated with pain pumps. Moreover, I find persuasive the reasoning in McNaughton v. Merck & Co., Inc., 2004

3    - OPINION AND ORDER

WL 5180726 (S.D.N.Y. Dec. 17, 2004). There, the district court declined to join numerous plaintiffs who alleged harm resulting from their use of the drug VIOXX. All plaintiffs alleged that the defendant failed to adequately warn them of the dangers associated with the drug and that they suffered harm as a result. The district court, citing numerous cases, found that "[t]he mere existence of common questions of law or fact does not satisfy the same transaction or occurrence requirement." McNaughton, 2004 WL 5180726, *2 (citing cases); see also Matter of Asbestos II Consol. Pretrial, 1989 WL 56181, *1 (N.D. Ill. May 10, 1989) ("Distinct claims cannot be properly joined under Rule 20 merely because they have common theoretical underpinnings.").

Similarly, I do not find that a common theory of liability renders plaintiffs' claims "arising out of" the same transaction, occurrence or series of transactions, particularly given that non-Oregon plaintiffs received individualized medical care in vastly different geographical regions. I therefore grant the motion to sever the claims of the non-Oregon plaintiffs.

The question remains whether Oregon is a convenient forum for resolution of the non-Oregon plaintiffs' claims. I find that it is not.

Under 28 U.S.C. § 1404(a), a court may transfer an action to another district "[f]or the convenience of the parties and witnesses, in the interest of justice." Although a plaintiff's

4    - OPINION AND ORDER

choice of forum generally is accorded deference, the plaintiff's choice is but one of several factors a court must consider. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors include: 1) the forum most familiar with the governing law; 2) the respective parties' contacts with the forum; 3) the forum contacts relating to the plaintiff's cause of action; 4) the differences between the costs of litigation in the two forums; 5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and 6) the ease of access to sources of proof. Id. (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

Here, non-Oregon plaintiffs do not allege any contacts in this forum, and the Stryker defendants are not located in Oregon. Further, non-Oregon plaintiffs do not allege that they underwent shoulder surgery in Oregon, and therefore the actions that form the bases of their claims are unrelated to this forum, and the law of Oregon likely would not apply. Non-Oregon plaintiffs presumably received medical care in the districts in which they reside, with relevant documents and witnesses located in Arkansas, Massachusetts, North Carolina, and Utah.

I further find that transfer is not likely to increase the costs of litigation substantially. Regardless of where plaintiffs' claims are filed, discovery regarding each plaintiff will involve travel to the districts in which they reside. Plaintiffs overstate

5   - OPINION AND ORDER

the benefits of consolidation, as the court would not allow consolidated trials involving Oregon and non-Oregon plaintiffs in any event given the potential differences in applicable law.

Also, while one of plaintiffs' attorneys practices in Oregon, remaining counsel are located in Utah.  Therefore, I find little, if any, convenience in this forum and no basis for prejudice to non-Oregon plaintiffs.  The fact that it may inconvenience counsel, as opposed to plaintiffs, does not justify retaining venue in Oregon.  Finally, transfer of non-Oregon plaintiffs' claims does not render obsolete the parties' efforts in consolidating discovery, as the same defendants are involved in each case.

In sum, pursuing the claims of the non-Oregon plaintiffs in this forum does not serve the interests of justice or the convenience of the parties.  Rather, common sense dictates the transfer of plaintiffs' claims with no connection to this forum.

B.  Motion to Dismiss

The Stryker defendants move to dismiss plaintiffs' claims for failing to submit Preliminary Fact Disclosures within 45 days of serving defendants.  However, contrary to defendants' assertion, the court has entered no such order in this case.  Granted, the court approved the parties' agreement regarding disclosure of preliminary fact sheets in <u>other</u> pain pump cases, with the shared assumption that cases filed in the future would adhere to such agreement.  While I decline to engage in speculation, it appears

6    - OPINION AND ORDER

that the 45-day preliminary fact disclosure agreement, as memorialized in a letter to the court dated December 3, 2008, was not communicated to all counsel. Given the apparent lack of communication on all sides, particularly the Stryker defendants' failure to confer pursuant to L.R. 7.1, the motion to dismiss is denied.[1]

Regardless, I would decline to dismiss the claims even if plaintiffs had failed to comply with an order governing fact disclosures. In the absence of repeated and egregious discovery violations, the proper remedy for any resulting prejudice to defendants would be to extend the discovery deadline. I find such an extension premature at this point, particularly in light of the severance and transfer of the non-Oregon plaintiffs' claims.

Accordingly, the remaining plaintiffs and defendants are ordered to confer in person or by telephone and submit a stipulated discovery and scheduling order. Should the parties fail to reach agreement, they may request a telephone status conference.

## CONCLUSION

The Stryker defendants' Motion to Sever and Transfer (doc. 35) is GRANTED. Within fourteen (14) days from the date of this order, plaintiff Cantrell, plaintiff Evans, plaintiffs Tranoses, and

---

[1] I do not consider defendants' e-mail of May 4, 2009 to satisfy the conferral requirements of L.R. 7.1. Rule 7.1 requires actual communication among the parties to avoid unnecessary motions, rather than a brief e-mail declaring that its contents suffice under the rule.

plaintiff Limantzakis shall indicate the districts to which they wish their cases to be transferred.

Further, the Stryker defendants' Motion to Dismiss (doc. 66) is DENIED. Counsel shall confer in person or by telephone regarding discovery protocol, including the production of plaintiffs' fact sheets, and submit a proposed discovery schedule on or before July 10, 2009. The parties are encouraged to follow the guidelines agreed to by the parties in other District of Oregon pain pump cases. If the parties cannot reach agreement, they may request a telephone status conference by submitting a letter describing in detail the substance of the discussions and why the parties could not reach agreement.

IT IS SO ORDERED.

Dated this   19   day of June, 2009.

                                    /s/ Ann Aiken
                                      Ann Aiken
                          United States District Chief Judge

8    - OPINION AND ORDER